**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| DARNELL LAMOUNT HUNTER, | ) | Civil Action No. |
| | ) | 4:09-1008-CMC-TER |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SDCC, WARDEN McKITHER | ) | **REPORT AND RECOMMENDATION** |
| BODISON, CAPTAIN CLARK, DORIS | ) | |
| GANT AND SGT. ADCOX, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

 

The plaintiff, Darnell Hunter, filed this action on April 17, 2009, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. The plaintiff is an inmate currently housed at the Ridgeland Correctional Institution ("RCI"). At all times relevant to the allegations in the complaint, plaintiff was a housed at Lieber Correctional Institution ("LCI"). Before the undersigned is the defendants' motion for summary judgment. (Document #21.)[1]

 

## I. PROCEDURAL BACKGROUND

Defendants filed a motion for summary judgment on November 30, 2009. The undersigned issued an order filed December 1, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), advising the plaintiff of the motion for summary judgment

_____

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the district judge.

procedure and the possible consequences if he failed to respond adequately. On January 6, 2010, plaintiff filed a response in opposition. (Doc. #31). Defendants filed a reply to the response on January 20, 2010. (Doc. #33). Plaintiff filed a second reply on April 19, 2010. (Doc.#38). On April 22, 2010, the undersigned issued an Order for defendants to file a supplemental brief addressing plaintiff's allegations with regard to denial of access to courts. (Doc. #39). Defendants were given ten days from the date of said order to file the supplemental brief, and plaintiff was given twenty days from the date of said order to file a response. On May 3, 2010, defendants filed a motion for a four day extension to file the supplemental brief which was granted by the court. Defendants filed the supplemental brief on May 7, 2010. Plaintiff filed a reply to the supplemental brief on May 21, 2010.

## II. DISCUSSION

### A. ARGUMENT OF PARTIES/ FACTUAL ALLEGATIONS

In the complaint, plaintiff alleges that defendants violated his constitutional rights by taking some of his personal property while an inmate at LCI. (Complaint). Specifically, plaintiff alleges that on February 18, 2008, he was taken to operations from his unit for the purpose of being placed in SMU with all of his property including his "legal box." (Id.). Plaintiff alleges Lt. Sheppard taped up his legal box and placed it in front of the holding cell where plaintiff was located. (Id.). Plaintiff was allowed to go back to the "unit" as opposed to SMU after reaching an "agreement" but alleges defendant Gantt took his "legal box" and property and placed it in the property control room. (Id.). Plaintiff alleges that defendant Gantt said he would not get his property back. (Id.). Plaintiff asserts that he asked the unit wing officer to call defendant Gantt and tell her he was placing his federal habeas corpus

petition in the mail and he needed his legal box. (Id.). Plaintiff asserts defendant Gantt illegally confiscated ten years of legal mail, personal mail, and a photo album and when he went to the property control room for the return of his typewriter, defendant Gantt refused to give it to plaintiff. (Id.). Plaintiff alleges that other inmates and an officer found his box of legal mail, personal mail and photo album in the dumpster on March 17, 2008. (Id.). Plaintiff alleges in the complaint that he informed defendants he had a habeas corpus deadline and had to file the federal habeas petition to stop the time limit of the AEDPA one year limitation. Plaintiff asserts that defendant Gantt maliciously threw his property away in the dumpster. (Id.). Plaintiff requests criminal charges be brought against defendant Gantt, that she be fired, and that he be awarded monetary damages.(Id.).

Plaintiff submitted copies of grievances that he filed in relation to the failure of all of his property being returned to him and the fact that his property was placed in the dumpster. Plaintiff attached a copy of the Order of dismissal from the South Carolina Administrative Law Court which found the following:

> Appellant complains that an SCDD employee threw his property and legal materials in the trash. However, the grievance was investigated and the inmate was informed that some of his property was placed in a dumpster by accident. This Appellant was also informed that some of his property was salvageable and would be returned to him. There is clearly no state-created liberty interest implicated here. The issue complained of does not implicate the due process requirements of Wolff v. McDonnell, 418 U.S. 539 (1974). Nor does this issue present an atypical or significant hardship on the inmate in relation to the ordinary incidents of prison life, nor is the duration of his sentence affected. See Sandin v. Connor, 515 U.S. 472 91995). . . .

(Doc. #1-2).

In the motion for summary judgment, defendants argue the complaint should be dismissed for failure to state a cognizable claim. Defendants submitted the affidavit of Doris

Gantt who attests that she is a Correctional Officer with the South Carolina Department of Corrections and assigned to Lieber Correctional Institution since 1986. (Gantt affidavit). In early 2008, plaintiff was being placed in the SMU and Sergeant Sharon Adcox brought a mesh bag to her containing property of plaintiff she described as "excess property." (Id.). SCDC policy provides that all state clothing and personal items have to fit in a duffel bag, and any items that will not fit in the bag are considered excess property. (Id.). Before going to lockup, plaintiff was allowed to go back on the yard and got all of his property back with the exception of the mesh bag. (Id.). Plaintiff also had a box of legal materials referred to as a "legal box" which was returned to plaintiff along with his duffle bag when he was allowed to stay on the yard. (Id.). It was Gantt's intention to keep the mesh bag rather than dispose of it because the plaintiff had questioned and sought the return of the bag. (Id.). Gantt was waiting on a decision from a superior officer. (Id.). Part of her duties included collecting trash in a buggy, and plaintiff's mesh bag was also on the buggy. (Id.). Over the weekend after leaving the Institution, Gantt realized that she had not removed the plaintiff's mesh bag from the buggy. (Id.). Plaintiff's property had been taken to the dumpster, and she went to the dumpster on Monday morning to look for and attempt to retrieve plaintiff's property. (Id.). Gantt along with other officers were able to find plaintiff's mesh bag which was returned to him. (Id.). Gantt did not intend to dispose of the plaintiff's property, but simply forgot to take it from the buggy. (Id.). Plaintiff told her to give his typewriter to her grandchild but the typewriter was returned to plaintiff. (Id.). Gantt attests that she did not make any of the other statements alleged by plaintiff in his complaint. (Id.).

Defendants submitted the affidavit of Warden Bodison who attests that he is the Warden at LCI and is aware of the incident which occurred in early 2008 involving

plaintiff's property. (Bodison's affidavit). Plaintiff presented a Request to Staff Member form to him dated March 17, 2008, which he responded to on March 19, 2008. (Id.). Bodison attests that he advised plaintiff that he was aware of the unfortunate case involving inmate's property and further advised him that it was still under review. (Id.). Bodison received another Request to Staff Form from the plaintiff dated March 25, 2008, concerning the same matter, and he advised him that someone would be talking with him concerning the property. (Id.). Bodison further attests that he is aware of the Inmate Grievance From filed by plaintiff dated March 18, 2008, concerning this matter. (Id.). Bodison responded to the plaintiff advising him that an investigation indicated that his property was placed in a dumpster by accident, but at least some of his property was recovered. (Id.). Bodison apologized to plaintiff for that occurrence and declined to advise him of any actions that may or may not have been taken against Officer Gantt. (Id.). Bodison attests that plaintiff filed an Inmate Grievance Form Step 2 dated June 27, 2008, in which he seeks money damages for the property he alleges was not returned to him. (Id.). A response was sent to him indicating his concern and that necessary action was taken. (Id.). Plaintiff was advised that any action against an employee would not be addressed with him and that monetary awards are not granted through the grievance system. (Id.). Bodison attests that any loss of plaintiff's property was by mistake rather than intentional. (Bodison's affidavit, doc. #25).

Defendants submitted the affidavit of Captain Timothy Clark who attests that he is a Captain with the SCDC and assigned to LCI. (Clark's affidavit, doc. #25-4). In early 2008, plaintiff made a complaint about some of his personal items being thrown away. (Id.). On a Monday, he went to the landfill along with Officer Gantt to look for plaintiff's materials which had been accidently thrown way. (Id.). Clark attests that he did not enjoy looking

through the garbage for plaintiff's property, but was attempting to recover it for him. (<u>Id</u>.).
He was able to find plaintiff's bag of materials, some of which were wet. (<u>Id</u>.). Property
belonging to the plaintiff and another inmate was found, including some documents which
appeared to be legal documents. (<u>Id</u>.). Clark prepared an Incident Report which he attached
to his affidavit. (<u>Id</u>.).

Defendants argue that they were not deliberately indifferent and that Officer Gantt
admits in her affidavit that she intended to remove plaintiff's property from the buggy but it
was inadvertently thrown away with the trash. Defendants argue that negligence is not
sufficient to state a cause of action under 42 U.S.C. §1983. Further, defendants argue that
plaintiff's complaint fails to state a valid cause of action under South Carolina law because
all but plaintiff's excess property was returned to him. Excess property is prohibited by
Policy no. Op-22.03, Section 9.2. Excess property is "excessive amounts of authorized
property found in the possession of an inmate which constitutes a violation of SCDC rules
and regulations and will result in confiscation of the property as well as disciplinary action."
(Defendants' brief, p. 3, n.1). Defendants argue that instead of disposing of the excess
property, Office Gantt intended to keep it until the plaintiff heard from officials about the
return of the property but inadvertently left the property in her buggy. The property was
accidently thrown away. Therefore, defendants assert there is not a cause of action under
South Carolina law because they were not grossly negligent. Defendants additionally argue
that assuming *arguendo* plaintiff's allegations illustrate a deprivation of his constitutional
rights, the defendants are entitled to immunity from suit in that a reasonable officials would
not know that these defendants' actions were unlawful under the circumstances.

**B. ANALYSIS**

Personal Property

The Supreme Court of the United States has explicitly held that deprivations of inmates' personal property does not rise to the level of a constitutional violation. <u>Daniels v. Williams</u>, 474 U.S. 327, 328-36 (1986). The Fourth Circuit has held that deprivations of personal property by corrections officials are not constitutional violations where there are procedures available for the inmate to recover that property or to be financially compensated for the loss. See, e.g., <u>Mora v. City of Gaithersburg</u>, 519 F.3d 216, 230-31 (4th Cir.2008); <u>Bogart v. Chapell</u>, 396 F.3d 548, 561-63 (4th Cir.2005). Therefore, while plaintiff may have some claim against defendants for the deprivation of his personal property under South Carolina law, it was not a violation of his rights under the United States Constitution, and therefore was not actionable under 42 U.S.C. § 1983.

Access to Courts

As previously stated, plaintiff alleges in the complaint that he informed defendants he had a habeas corpus deadline and had to file the federal habeas petition to stop the time limit of the AEDPA one year limitation. In his response in opposition to the motion for summary judgment, Plaintiff states that "[a]s a result of the intentional destruction of the plaintiff's legal mail, plaintiff's federal habeas corpus has been denied." (Doc. #31).

In the supplemental brief, defendants assert plaintiff has failed to specifically assert a claim of denial of access to the courts in his complaint and has not identified any actual injury resulting from the defendants' conduct such as a missed deadline or late filing of his habeas corpus petition.

Plaintiff filed a response to the supplemental memorandum asserting that defendants did maliciously destroy ten years worth of his legal materials and that defendants "lied"

because Officer Gantt was not one of the officers that went to look for his property in the trash dumpster. In his response, plaintiff states that his actual injury resulting from defendant Gantt's destroying his legal mail, was the denial of his Habeas Corpus citing to case 4:08-cv-01050-CMC. Plaintiff argues that "the denial of plaintiff's habeas corpus because plaintiff had no legal mail to substantiate his allegations or refute the Respondent Warden McKither Bodison responses. The plaintiff could not form the substance of his allegations to hopefully obtain his rightful freedom with no legal work of the ten (10) years of research of each issue, because the plaintiff's ten years of his legal mail was destroyed. . . ." (Doc. # 45).

As to claims of access to courts, prisoners do not have a cause of action under § 1983 for negligent interference by prison officials with their right of access to the courts. (Pink v. Lester, 52 F.3d 73 (4th Cir. 1995), "negligent denial of access to the courts is not actionable under § 1983." ) A prisoner must allege adverse consequence as a basis for allegations that the delay or non delivery deprived him of meaningful access to the courts. White v. White, 886 F.2d 721 (4th Cir. 1989) and Morgan v. Montanye, 516 F.2d 1367 (2d Cir. 1975 ) cert. denied, 424 U.S. 973 (1976). Actual injury must be more than theoretical deficiencies, it is showing that the alleged deficiencies have hindered or are hindering a prisoner's efforts to pursue a legal claim. Lewis v. Casey, 518 U.S.343 (1996). Plaintiff has failed to meet this burden. While plaintiff has asserted that due to defendants' actions his federal habeas corpus has been denied, he has not shown that he was not able to meet a deadline or to file his habeas petition. Plaintiff has not shown that defendants' actions resulted in any actual injury.[2] Based on the assertions in plaintiff's complaint, this action

_____

[2] A review of the plaintiff's habeas corpus petition, C/A No.: 4:08-1050-CMC-TER, reveals plaintiff timely filed his habeas petition in which he raised four grounds and filed an amended petition raising an additional ground. A Report and Recommendation was entered discussing the grounds raised, plaintiff filed objections to the Report and Recommendation, and the District Judge entered an Order dismissing the petition on August 19, 2009. This court may take judicial notice of C/A No.: 4:08-1050-CMC-TER. Aloe Creme Laboratories, Inc. v.

fails on the merits. Therefore, it is recommended that defendants' motion for summary judgment be granted as to access of courts claim.

## C. SUPPLEMENTAL JURISDICTION

Assuming plaintiff's § 1983 claim is dismissed by this Court, plaintiffs' claims under any state common law theory, should be dismissed as well for want of jurisdiction. Specifically, this Court can decline to continue the action as to the pendent claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). Therefore, it is recommended that the court not exercise supplementary jurisdiction.

## III. CONCLUSION

Based on the above reasoning, it is RECOMMENDED that defendants' motion for summary judgment (document #25) be GRANTED and this claim dismissed.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

July 22, 2010
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

_____

Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970). *See also* Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239, 1989 U.S.App. LEXIS 16328 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). Plaintiff does not present any specific information or even argument as to what he was unable to present that would have qualified him for potential habeas relief.