IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Darnell Lamount Hunter, ) | C/A NO. 4:09-1008-CMC-TER |
| Plaintiff, ) | |
| -versus- ) | **OPINION and ORDER** |
| SCDC; Warden McKither Bodison, Captain ) Clark; Doris Gant, and Sgt. Adcox, ) | |
| Defendants. ) | |

This matter is before the court on Plaintiff's *pro se* complaint alleging violations of 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On July 22, 2010, the Magistrate Judge issued a Report recommending that Defendants' motion for summary judgment be granted and this matter dismissed with prejudice. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed timely objections to the Report on August 12, 2010.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Plaintiff takes issue with the Report on several issues. Initially, Plaintiff contends that the Report errs in its analysis of the constitutional violations which Plaintiff is alleging. *See generally* Objections at 3-9 (Dkt. # 53, filed Aug. 12, 2010). The undersigned disagrees. The Report addresses the alleged constitutional violations, including an alleged intentional seizure and destruction of personal property (including legal mail, which would, if it rose to the level of a constitutional violation, be a Due Process violation) and a related purported denial of access to the courts.

Plaintiff also argues that the Report erred in not accepting his version of the facts as true, as pleaded in his complaint. Obj. at 10. However, as correctly indicated by the Magistrate Judge, Plaintiff's allegations of deliberate actions by Defendants fail to overcome Defendants' summary judgment affidavits and evidence indicating that Defendants' actions were, at most, grossly negligent. It is correct that the party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). However Plaintiff's allegations that Defendant Gantt's actions were deliberate and were based upon some retaliatory purpose are not supported by the

record. Additionally, Plaintiff's last minute affidavit indicating that "all the evidence, facts and exhibits stated here in [sic] are true," Aff. at 1 (Dkt. # 49-2, filed July 26, 2010), is insufficient to create a genuine issue of material fact. Moreover, as to any alleged seizure and destruction of legal mail and resulting denial of access to the courts, Plaintiff has failed to provide evidence of an actual injury.[1]

For these reasons, Defendants' motion for summary judgment is **granted** and Plaintiff's federal claims are dismissed with prejudice. To the extent that Plaintiff asserts state law causes of action, this court declines to exercise supplemental jurisdiction over these claims and they are dismissed without prejudice.[2]

---

[1]A review of Plaintiff's filings related to his habeas corpus petition which was pending before this court (D.S.C. Civil Action No. 4:08-1050-CMC-TER) indicates that Plaintiff supported his timely petition with various copies of pertinent state court orders, and that his opposition to Respondent's summary judgment motion contained copies of letters which he contended at the time had been destroyed. This court may take judicial notice of this civil action. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). The court notes that Plaintiff sought relief in the form of a motion to hold his petition in abeyance, arguing that what had been destroyed was legal research, copies of the transcript of the oral argument of his direct appeal, witness statements, copies of letters relating to plea offers, and legal correspondence. *See* Mot. to Hold in Abeyance at 4 (D.S.C. C/A No. 4:08-1050-CMC-TER, Dkt. # 32, filed Sept. 26, 2008). However, less than a month later, Plaintiff filed opposition to Respondent's summary judgment motion which included a variety of documents which he had contended had been lost. *See* D.S.C. C/A No. 4:08-1050-CMC-TER, Dkt. # 44 (filed Oct. 22, 2008).

[2]It is this court's customary practice to decline to exercise supplemental jurisdiction over state law claims when the federal claims are dismissed in advance of trial. 28 U.S.C. § 1367; *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). As the Fourth Circuit explained in *Taylor v. Waters*, 81 F.3d 429, 437 (4th Cir. 1996), the decision to decline the exercise of supplemental jurisdiction after dismissal of the original jurisdiction claim will "hinge on the moment within the litigation when the dismissal of the touchstone claim takes place . . . ." (*quoting* 28 U.S.C. § 1367, practice commentary (West 1993)). Where the original jurisdiction claim is dismissed before trial, the state claims should be dismissed as well. *Gibbs*, 383 U.S. at 717; *Taylor*, 81 F.3d at 437. The court notes that 28 U.S.C. § 1367(d) provides that "[t]he period of limitations for any [state law claim asserted under 1367(a)]

**IT IS SO ORDERED.**

                                              s/ Cameron McGowan Currie
                                              CAMERON MCGOWAN CURRIE
                                              UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 26, 2010

C:\Documents and Settings\des48\Local Settings\Temp\notesFCBCEE\09-1008 Hunter v. SCDC adopt rr gr sumjgm.wpd

---

. . . shall be tolled while the claim is pending [in federal court] and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."